JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
By: MARK OSMOND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2713
Email: Mark.Osmond@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT & ETHEL KENNEDY HUMAN RIGHTS CENTER, NATIONAL POLICE ACCOUNTABILITY PROJECT, BLACK LIVES MATTER, D.C., and NATIONAL IMMIGRATION PROJECT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | 26 Civ. 7640 (JAV)<br><br>**ANSWER** |

Defendant the United States Department of Justice ("DOJ," "Defendant," or the "government"), by and through its attorney, James M. McDonald, United States Attorney for the Southern District of New York, hereby answers the complaint under the Freedom of Information Act (the "Complaint"), filed by plaintiffs Robert & Ethel Kennedy Human Rights Center, National Police Accountability Project, Black Lives Matter, D.C., and National Immigration Project ("Plaintiffs") upon information and belief as follows. The government specifically denies each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied in this Answer. Moreover, to the extent that the Complaint refers to or quotes external documents, statutes, or other sources, the government may refer to such materials for their

accurate and complete contents; however, the government's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this or any other action. The government answers as follows:

## INTRODUCTION[1]

1. Paragraph 1 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiffs purport to bring this lawsuit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

2. Paragraph 2 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA and that characterize the contents of news articles, to which no response is required.

3. Paragraph 3 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA and that characterize the contents of news articles, to which no response is required.

4. Paragraph 4 consists of Plaintiffs' characterization of this action, to which no response is required.

5. Paragraph 5 consists of Plaintiffs' characterization of the National Law Enforcement Accountability Database ("NLEAD"), to which no response is required.

6. As to the allegations in Paragraph 6, Defendant admits that Plaintiffs submitted the FOIA request attached to the Complaint as Exhibit A to DOJ's Office of Justice Programs

[1] Headings from the Complaint are included only for ease of reference. By including them, the government does not admit the accuracy of the headings.

("OJP") and respectfully refers the Court to a copy of Plaintiffs' FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7. Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of Plaintiffs' request for expedited processing in their FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 7.

8. As to the allegations in Paragraph 8, Defendant respectfully refers the Court to a copy of OJP's letter, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

9. As to the allegations in Paragraph 9, Defendant respectfully refers the Court to a copy of OJP's letter, which is attached to the Complaint as Exhibit C, and emails from DOJ's Justice Management Division ("JMD"), which are attached to the Complaint as Exhibits D and I, for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

10. As to the allegations in Paragraph 10, Defendant respectfully refers the Court to a copy of the letter from DOJ's Office of Information Policy ("OIP"), which is attached to the Complaint as Exhibit J, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11. As to the allegations in Paragraph 11, Defendant respectfully refers the Court to a copy of Plaintiffs' administrative appeal, which is attached to the Complaint as Exhibit K, and OIP's appeal decisions, which are attached to the Complaint as Exhibits L and M, for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

12. Defendant denies the allegations set forth in the first two sentences of Paragraph 12, except admits that JMD provided Plaintiffs with a spreadsheet containing data stored in NLEAD, and respectfully refers the Court to a copy of JMD's email, which is attached to the Complaint as Exhibit D, for a complete and accurate statement of its contents. The last sentence of Paragraph 12 consists of Plaintiffs' reasons for bringing this action, which do not require a response. To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## JURISDICTION AND VENUE

13. Paragraph 13 consists of legal conclusions as to jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statutes.

14. Paragraph 14 consists of legal conclusions as to the Court's remedial authority, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statutes and denies that Plaintiffs are entitled to the requested relief or to any relief.

15. Paragraph 15 consists of legal conclusions as to venue, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute.

## PARTIES

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, except that, to the extent Paragraph 16 alleges that Plaintiff Robert & Ethel Kennedy Human Rights Center is an organization "primarily engaged in the dissemination of information," Paragraph 16 consists of legal conclusions to which no

response is required. To the extent a response is deemed required, Defendant denies those allegations.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that DOJ is a named defendant in this action, that DOJ is a department of the Executive Branch of the United States headquartered in Washington, D.C., that DOJ is a federal agency within the meaning of FOIA, and that OIP and JMD denied expedited processing.

**FOIA STATUTORY FRAMEWORK**

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute.

23. Paragraph 23 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute.

24. Paragraph 24 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute.

25. Paragraph 25 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute.

26. Paragraph 26 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statutes.

27. Paragraph 27 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited decisions.

28. Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited regulation.

29. Paragraph 29 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute and regulation.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute and regulation.

31. Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statutes.

32. Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statutes.

## RELEVANT FACTS

### DOJ Decommissions NLEAD

33. Paragraph 33 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA and of allegations that characterize NLEAD, to which no response is required.

34. Paragraph 34 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA and of allegations that characterize NLEAD, to which no response is required.

35. Paragraph 35 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA and of allegations that characterize information in a Bureau of Justice Statistics ("BJS") report, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the report for a true and complete statement of its contents.

36. Paragraph 36 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA and of allegations that characterize information in a BJS report, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the report for a true and complete statement of its contents.

37. Paragraph 37 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA, to which no response is required.

38. Paragraph 38 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the executive orders for a true and complete statement of their contents.

39. Paragraph 39 consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 39.

**Plaintiffs Submit the FOIA Request**

40. As to the allegations in Paragraph 40, Defendant admits that Plaintiffs submitted the FOIA request attached to the Complaint as Exhibit A to OJP, and admits that the Bureau of Justice Assistance is a component of OJP. Defendant respectfully refers the Court to a copy of Plaintiffs' FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

41. As to the allegations in Paragraph 41, Defendant respectfully refers the Court to a copy of Plaintiffs' FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

42. As to the allegations in Paragraph 42, Defendant respectfully refers the Court to a copy of Plaintiffs' FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

43. As to the allegations in Paragraph 43, Defendant respectfully refers the Court to a copy of Plaintiffs' request for expedited processing in their FOIA request, which is attached to

the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

44. As to the allegations in Paragraph 44, Defendant respectfully refers the Court to a copy of Plaintiffs' request for expedited processing in their FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

45. As to the allegations in Paragraph 45, Defendant respectfully refers the Court to a copy of Plaintiffs' request for expedited processing in their FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

46. As to the allegations in Paragraph 46, Defendant respectfully refers the Court to a copy of Plaintiffs' request for expedited processing in their FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

47. As to the allegations in Paragraph 47, Defendant respectfully refers the Court to a copy of Plaintiffs' request for expedited processing in their FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

48. As to the allegations in Paragraph 48, Defendant respectfully refers the Court to a copy of Plaintiffs' request for a fee waiver in their FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

**Defendant Improperly Denies Expedited Processing, Fails to Make a Timely Determination, and Fails to Provide Responsive Documents**

49. As to the allegations in Paragraph 49, Defendant respectfully refers the Court to a copy of OJP's letter, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

50. As to the allegations in Paragraph 50, Defendant respectfully refers the Court to a copy of OJP's letter, which is attached to the Complaint as Exhibit C, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

51. As to the allegations in Paragraph 51, Defendant respectfully refers the Court to a copy of JMD's email, which is attached to the Complaint as Exhibit D, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

52. As to the allegations in Paragraph 52, Defendant respectfully refers the Court to a copy of JMD's email, which is attached to the Complaint as Exhibit D, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

53. As to the allegations in the first sentence of Paragraph 53, Defendant respectfully refers the Court to a copy of JMD's email, which is attached to the Complaint as Exhibit D, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. As to the allegations in the second sentence of Paragraph 53, Defendant respectfully refers the Court to a copy of Plaintiffs' FOIA request, which is attached to the Complaint as Exhibit A, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' reasons for the scope of their request.

54. Paragraph 54 consists of Plaintiffs' characterization of their actions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers

the Court to a copy of the email correspondence, which is attached to the Complaint as Exhibits E through H, for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

55. As to the allegations in Paragraph 55, Defendant respectfully refers the Court to a copy of Plaintiffs' March 20, 2026, email, which is attached to the Complaint as Exhibit H, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Paragraph 55 otherwise consists of allegations that are unrelated to the resolution of the claims in this action brought pursuant to FOIA, to which no response is required.

56. As to the allegations in Paragraph 56, Defendant respectfully refers the Court to a copy of Plaintiffs' March 20, 2026, email, which is attached to the Complaint as Exhibit H, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

57. As to the allegations in Paragraph 57, Defendant respectfully refers the Court to a copy of JMD's email, which is attached to the Complaint as Exhibit I, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

58. As to the allegations in Paragraph 58, Defendant respectfully refers the Court to a copy of JMD's email, which is attached to the Complaint as Exhibit I, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

59. Paragraph 59 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of JMD's correspondence, which is attached to the Complaint as Exhibits I and N, for a complete and accurate statement of their contents, and the cited statute, and otherwise denies the allegations in Paragraph 59.

60. As to the allegations in Paragraph 60, Defendant respectfully refers the Court to a copy of the email correspondence, which is attached to the Complaint as Exhibit N, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

61. Defendant denies the allegations set forth in Paragraph 61, except admits that JMD did not provide Plaintiffs with further written updates between May 22, 2026, and the filing of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62, except admits that no records have been produced by OJP in response to Plaintiffs' FOIA request as of the date the Complaint was filed.

63. As to the allegations in Paragraph 63, Defendant respectfully refers the Court to a copy of OIP's letter, which is attached to the Complaint as Exhibit J, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

64. As to the allegations in Paragraph 64, Defendant respectfully refers the Court to a copy of OIP's letter, which is attached to the Complaint as Exhibit J, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

65. Defendant denies the allegations set forth in Paragraph 65, except admits that OIP had not issued a final determination on the portions of the FOIA request forwarded to it as of the date the Complaint was filed.

**Plaintiffs Appeal the Denial of Expedited Processing**

66. As to the allegations in Paragraph 66, Defendant respectfully refers the Court to a copy of Plaintiffs' administrative appeal, which is attached to the Complaint as Exhibit K, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

67. As to the allegations in Paragraph 67, Defendant respectfully refers the Court to a copy of Plaintiffs' administrative appeal, which is attached to the Complaint as Exhibit K, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

68. As to the allegations in Paragraph 68, Defendant respectfully refers the Court to a copy of Plaintiffs' administrative appeal, which is attached to the Complaint as Exhibit K, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

69. Paragraph 69 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of Plaintiffs' administrative appeal, which is attached to the Complaint as Exhibit K, for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 69.

70. As to the allegations in Paragraph 70, Defendant respectfully refers the Court to a copy of OIP's appeal decision, which is attached to the Complaint as Exhibit L, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

71. As to the allegations in Paragraph 71, Defendant respectfully refers the Court to a copy of OIP's appeal decision, which is attached to the Complaint as Exhibit L, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

72. As to the allegations in Paragraph 72, Defendant respectfully refers the Court to a copy of OIP's appeal decision, which is attached to the Complaint as Exhibit M, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

73. As to the allegations in Paragraph 73, Defendant respectfully refers the Court to a copy of OIP's appeal decisions, which are attached to the Complaint as Exhibits L and M, for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

**Defendant's Denial Deprives the Public of Timely Information**

74. Paragraph 74 consists of legal conclusions and of Plaintiffs' characterization of their FOIA request, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 74.

75. Paragraph 75 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegation in Paragraph 75.

**CAUSES OF ACTION**

**Count I**

**Violation of FOIA, 5 U.S.C. § 552(a)(6)(E)**

**for Wrongful Denial of Expedited Processing**

76. Defendant repeats and realleges its responses to the foregoing paragraphs as if each such response was set forth herein in its entirety.

77. Paragraph 77 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 77.

78. As to the allegations in Paragraph 78, Defendant respectfully refers the Court to a copy of OJP's letter, which is attached to the Complaint as Exhibit B, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

79. As to the allegations in Paragraph 79, Defendant respectfully refers the Court to a copy of the correspondence attached to the Complaint as Exhibits B, D, I, and J for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 79.

80. Paragraph 80 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute and regulation and otherwise denies the allegations.

**Count II**

**Violation of FOIA, 5 U.S.C. § 552(a)(3)(A)**

**for Improper Withholding of Agency Records**

81. Defendant repeats and realleges its responses to the foregoing paragraphs as if each such response was set forth herein in its entirety.

82. Paragraph 82 consists of legal conclusions to which no response is required.

83. Paragraph 83 consists of Plaintiffs' characterization of their actions, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to a copy of the email correspondence, which is attached to the Complaint as Exhibits E through H, for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

84. Defendant denies the allegations set forth in Paragraph 84, except admits that JMD had not yet completed its processing of the FOIA request as of the filing of the Complaint.

85. Defendant denies the allegations set forth in Paragraph 85, except admits that no records have been produced by OIP or OJP in response to the portions of Plaintiffs' FOIA request referred to them to date.

86. Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statute and otherwise denies the allegations.

87. Paragraph 87 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statutes and otherwise denies the allegations.

## PRAYER FOR RELIEF

Paragraphs (a) to (g) contain Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed required, the government denies that Plaintiffs are entitled to the relief they seek or to any relief.

## DEFENSES

For further defenses, the government alleges as follows:

### FIRST DEFENSE

Some or all of the requested records or information may be exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

### SECOND DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized under FOIA.

### THIRD DEFENSE

To the extent Plaintiffs have failed to exhaust available administrative remedies, the Complaint should be dismissed for failure to state a claim and/or for lack of subject-matter jurisdiction.

### FOURTH DEFENSE

Plaintiffs' FOIA request does not reasonably describe the records sought, and therefore does not comply with FOIA and/or does not trigger a search or production obligation.

### FIFTH DEFENSE

Plaintiffs' FOIA request is not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

**SIXTH DEFENSE**

Plaintiffs are not entitled to attorney's fees or costs under 5 U.S.C. § 552(a)(4)(E).

**SEVENTH DEFENSE**

The government may have additional defenses which are presently unknown but may be ascertained at a later time. The government reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

* * *

WHEREFORE, the government respectfully requests that the Court enter judgment dismissing the Complaint in its entirety, and grant it such other relief as the Court deems proper, including its costs and disbursements herein.

Dated: New York, New York
November 9, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: */s/ Mark Osmond*
MARK OSMOND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2713
Email: Mark.Osmond@usdoj.gov